**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KATHLYN MOORE,

      **Plaintiff,**

v.                                        **Case No: 6:21-cv-395-CEM-DCI**

UNITED STATES OF AMERICA,

      **Defendant.**

---

**ORDER**

    This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion to Quash and Stay the Deposition and for Protective Order (Doc. 95)** |
| **FILED:** | **October 12, 2022** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

    Plaintiff, proceeding *pro se*, moves to quash and stay her deposition and for protective order pursuant to Federal Rule of Civil Procedure 45. Doc. 95 (the Motion). Plaintiff states that opposing counsel sent her a Notice of Deposition setting her deposition for October 21, 2022, but certain information was missing, and counsel failed to serve an "actual Subpoena to Testify," which renders "the Notice invalid." *Id*. at 2. Plaintiff also contends that under Rule 45(d), an attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena, but opposing counsel failed to make "inquiries as to what burden a deposition may place on Plaintiff" despite being

aware of Plaintiff's "generally ill health." *Id*. at 3.  Plaintiff asserts that opposing counsel failed to (1) confer with Plaintiff before setting the time and place of the deposition; (2) specify the topic and length of deposition; and (3) take steps to avoid imposing an undue burden on Plaintiff.  *Id*. Plaintiff specifies that the "subpoena" would be an undue burden because of her health and work obligations, and due to her age and medication she "does not rise up early enough in the morning to make an hour drive for a 9:30 a.m. deposition an hour away nor arrive early for 'checkin.'" *Id*. at 4.  Plaintiff states that she does not drive outside of Plaintiff's neighborhood and would need to hire someone to accompany Plaintiff to Orlando and "would lose a day's wages and have the cost of someone's vehicle and gasoline." *Id*.

Plaintiff adds that opposing counsel seeks Plaintiff's deposition for the purpose of annoyance, embarrassment, and oppression as "Plaintiff has nothing to say that has not been said." *Id*. at 6, 7.  Plaintiff accuses counsel of "want[ing] to see Plaintiff in person so he can make certain decisions based on Plaintiff's disability." *Id*. at 7.  Plaintiff also contends that opposing counsel has not provided certain requested documents, even though Plaintiff has responded to requests. *Id*. at 6.  In sum, Plaintiff objects to the deposition and requests that it be "stayed in its entirety or stipulate a written deposition and a Protective Order put in place that protects Plaintiff from Defendant's aggressive attacks." *Id*. at 10.

Upon due consideration, the Motion is due to be denied.  First, the Motion violates the Court's standing order on discovery, which specifies that a motion seeking Court intervention must be filed as a Short-Discovery Motion not to exceed 500 words, exclusive of caption, signature block, and certification.  Doc. 6.[1]  The Motion far exceeds these limits.

---

[1] By Order dated August 18, 2022, the Court advised Plaintiff that Plaintiff must comply with all orders in this case.  Doc. 83.

Second, based on the Response, the Court finds that a "good faith" conferral did not occur before Plaintiff filed the Motion in violation of the Court's standing order on discovery and Local Rule 3.01(g). On October 7, 2022, the Court denied Plaintiff's first motion to quash her deposition because an "attempt to confer" was insufficient under Local Rule 3.01(g). With respect to the instant Motion, Defendant represents that its counsel contacted Plaintiff via telephone to attempt to resolve the issue and explained that a subpoena is unnecessary because Plaintiff is a party.[2] Doc. 96 at 1. Even so, Defendant's counsel offered to accommodate Plaintiff, and in a letter dated October 11, 2022, rescheduled her deposition to be held remotely. Doc. 96-1. While Plaintiff agreed to attend the virtual deposition, she sent an email on October 12, 2022, stating that she would move to quash the deposition. Doc. 96-2.[3] This change in course without further conferral is not the type of "good faith" conduct that the Local Rules and the Court's standing order anticipates. For this reason alone, the Motion is due to be denied.

Third, as Defendant's counsel explained to Plaintiff during their discussion, the deposition was noticed pursuant to Federal Rule of Civil Procedure 30(b) as Plaintiff is a party to these proceedings. As such, Rule 45, which pertains to subpoenas, does not apply, and Plaintiff's request for the Court to quash the notice pursuant to that rule has no merit. *See Bernstein v. Town of Jupiter*, 2021 WL 6135188, at *2 (S.D. Fla. Oct. 21, 2021) ("While not stated explicitly, Federal Rule 30 implies that 'a subpoena is not necessary if the person to be examined is a party or an officer, director, or managing agent of a party'") (citing 8A Wright & Miller, Fed. Prac. & Proc. Civ. § 2107 (3d ed.)).

---

[2] Even though the standing order on discovery mandates that conferral occur via telephone or in person, Plaintiff states in the Motion that she conferred with Defendant's counsel via email. Docs. 6, 95.

[3] The Court notes that Plaintiff's *pro se* Motion was mailed on October 10, 2022. *See* Doc. 95-2.

Fourth, Defendant noticed the deposition in July 2022, which is adequate notice under Rule 30(b) and Local Rule 3.04.[4] "Federal Rule of Civil Procedure 30(a)(1) vests a litigant with the right to depose witnesses, including an opposing party, as a means of discovery." *In* re *Deepwater Horizon Belo Cases*, 2021 WL 6882434, at *1 (N.D. Fla. July 9, 2021) (citing Fed.R.Civ.P. 30(a)(1); *Colonial Times Inc. v. Gash*, 509 F.2d 517, 521 (D.C. Cir. 1975) ("As a general proposition each party to a civil law suit has the right to take depositions of the other party, absent a protective order entered by the trial judge."). The notice of deposition is appropriate.

While Plaintiff alleges that Defendant seeks to take the deposition for purposes of harassment, there is nothing in the Motion that persuades the Court that a protective order is warranted. Giving liberal construction to the Motion as Plaintiff is a *pro se* litigant, the Court looks to Federal Rule Civil Procedure 26(c), which provides that, upon a showing of good cause by the party whom discovery is sought, the Court may issue an order protecting the party from annoyance, embarrassment, oppression, or undue burden or expense. "The party seeking a protective order has the burden of showing good cause which must be demonstrated with a particularity, and stereotyped, conclusory statements will not suffice." *Doe v. St. John's Episcopal Day School Inc.*, 2015 WL 12839273, at *1 (M.D. Fla. Mar. 27, 2015).

It appears from the Court filings that Defendant is merely attempting to take Plaintiff's deposition—with accommodation—to determine the nature of her claims and Plaintiff's complaints regarding embarrassment and oppression are based on pure speculation. There is nothing before the Court to establish otherwise and, therefore, no good cause to protect Plaintiff from discovery.

---

[4] Local Rule 3.04 provides that a deposition by oral examination or written questions and a subpoena duces tecum require 14 days written notice.

Further, if Plaintiff seeks relief because she believes Defendant's document production is outstanding, this is not a basis for a good cause showing. *See Torres v. Pasco County Bd. of Comm'rs*, 2022 WL 716821, at *1 (M.D. Fla. Mar. 10, 2022) ("To the extent [the plaintiff] alleges that [the defendant] has otherwise delayed discovery, failed to comply with the court's order regarding discovery, withheld discovery, or refused to produce witnesses for deposition, these allegations do not create good cause to cancel or postpone [the plaintiff's] deposition.").

Finally, to the extent Plaintiff seeks protection from the oral deposition because of undisclosed health concerns and work-related restrictions, Defendant's offer to reschedule the deposition to be taken via Zoom to alleviate Plaintiff's need to travel seems to adequately address any objection based on undue burden.

Based on the foregoing, it is **ORDERED** that Plaintiff's Motion (Doc. 95) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on October 19, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 5 -