UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KATHLYN MOORE,

        Plaintiff,

v.                                            Case No: 6:21-cv-395-CEM-DCI

UNITED STATES OF AMERICA,

        Defendant.

## ORDER

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | Motion for Miscellaneous Relief, specifically to File Using E-Filing (Doc. 85) |
| **FILED:** | September 2, 2022 |
| **MOTION:** | Amended Motion for Miscellaneous Relief, specifically to File Using E-Filing (Doc. 87) |
| **MOTION:** | Motion for Sanctions, Motion to Dismiss for Failure to Prosecute, and Limited Stay of Discovery (Doc. 100) |

**THEREON** it is **ORDERED** that Plaintiff's Motion (Doc. 85) is **DENIED as moot**; Plaintiff's Amended Motion (Doc. 87) is **DENIED**; and Defendant's Motion for Sanctions (Doc. 100) is **GRANTED in part**.

### I.  Plaintiff's Motion to File Using E-Filing

By Order dated October 14, 2021, the Court denied Plaintiff's initial request to allow Plaintiff to utilize the E-filing portal because there was no showing that access to filing via CM/ECF was necessary. Doc. 24. On September 2, 2022, Plaintiff filed a Motion to File Using

E-Filing, which the Defendant opposes. Doc. 85. (Motion to File). The Court has not yet ruled on the Motion to File and on September 7, 2022, Plaintiff filed an Amended Motion to File Using E-Filing (Doc. 87) (Amended Motion to File). The Court will consider the Amended Motion to File and, therefore, the Motion to File is deemed moot.

Plaintiff contends in the Amended Motion to File that the use of the E-filing system is necessary "because the Response that is due on September 6 will be late because there is no mail Saturday, Sunday, Monday and mail has to be there on Tuesday. Plaintiff has until 12:00 midnight on the 6th to file through E-filing but cannot use that time to file." Doc. 87 at 1. The "Response" relates to Defendant's pending motion to dismiss as the Court previously granted Plaintiff's request for an extension of time and set September 6, 2022 as the deadline for a response. Docs. 73, 74. Plaintiff now asserts that "Plaintiff needs all the time allotted for filing instead of losing days because of having to file through mail, in this case 4 days." Doc. 87.[1] Plaintiff claims that she is biased because she cannot use E-filing and is at a disadvantage because Defendant has "easy access and extra time given for their responses" and "easy instant access to the court[.]" *Id*. at 2. In sum, Plaintiff seeks "equal access due to need in filing timely pleadings." *Id*.

As stated in the Court's previous denial of Plaintiff's request, "[a] *pro se* litigant . . . is not permitted to file electronically, absent authorization by the Court." Doc. 24, citing *United States District Court Middle District of Florida*, Administrative Procedures for Electronic Filing, at (II)(A)(2) (June 5, 2015). A *pro se* party seeking access to CM/ECF must demonstrate that access thereto is necessary to avoid unreasonable burdens and to promote access to information. *See*

---

[1] Plaintiff makes the same statement in the Motion to File, which Plaintiff submitted approximately five days before the response to the motion to dismiss was due. Doc. 85 at 1.

*Ogilvie v. Millsaps*, Case No. 8:15-cv-2477-T-36JSS, 2015 WL 6688343, at *1 (M.D. Fla. Oct. 30, 2015).

The Amended Motion to File is due to be denied.  In general, Plaintiff has already filed several documents in a timely and appropriate manner and has sought leave of Court when extensions to comply with deadlines were required, which extensions the Court granted.  *See* Docs. 23, 26, 74.  The September 6, 2022 deadline was set per Plaintiff's request, which was made with the knowledge that Plaintiff does not have permission to E-file.  While Plaintiff clearly anticipated that she would need "all the allotted time for filing" and recognized that her response to the motion to dismiss would be untimely, Plaintiff chose to allow the deadline to expire instead of seeking an extension of time to allow additional time for mailing.  Plaintiff has had more than ample time to respond to the motion to dismiss—the motion has been pending since June 24, 2022—and Plaintiff's decision to file the response after the due date[2] does not create an unreasonable burden on the ability to timely file that warrants access to CM/ECF.

Further, Plaintiff may want to avoid the cost of the mail, but there is no argument that the expenditure has burdened her or denied her access with respect to this litigation in any way except for the passage of a deadline that Plaintiff allowed to lapse without moving for the Court's intervention.  As such, Plaintiff's arguments regarding expense do not persuade the Court that authorization to use E-filing is justified.

**II.   Defendant's Motion for Sanctions**

Also pending before the Court is Defendant's Motion for Sanctions, Dismissal for Failure to Prosecute, and for a Limited Stay of Discovery.  Doc. 100 (Motion for Sanctions).  Defendant states that on July 20, 2022, Defendant noticed Plaintiff's in-person deposition for October 21,

---

[2] Plaintiff filed the Response to the Motion to Dismiss on September 9, 2022.  Doc. 88.

- 3 -

2022. Doc. 100 at 1. According to the Motion for Sanctions, on October 3, 2022, Defendant sent Plaintiff a letter to remind her of the deposition. *Id*. Defendant states that to address Plaintiff's "unspecified disability," Defendant rescheduled Plaintiff's deposition to be held remotely and with further accommodations. *Id*. at 2. Plaintiff subsequently filed three motions to quash and stay the deposition or for protective order; the Court denied each motion. Docs. 92, 93, 95, 97, 98, 99.

Defendant now seeks sanctions because Plaintiff has "refused to participate" in the deposition. Doc. 100 at 2. In support of the request, Defendant submits a transcript from a video conference dated October 21, 2022, where Plaintiff made a statement and terminated the call without submitting to a deposition. Doc. 100-3. Defendant, therefore, moves for the Court to dismiss the case for failure to prosecute or, alternatively, compel Plaintiff's attendance at a rescheduled deposition in December. Doc. 100 at 2.[3] Defendant also seeks attorney fees and costs incurred for the October 21, 2022 deposition and requests that the Court stay discovery until Plaintiff's deposition since Defendant cannot substantively respond to Plaintiff's discovery without "basic information about the facts underlying [Plaintiff's] case." *Id*. at 3. Plaintiff has filed an opposition to the Motion, which requests that the Court "continue and order written deposition to stop this abuse." Doc. 101 at 3.

Defendant's request to dismiss the case, while well-taken, is due to be denied at this juncture. Federal Rule of Civil Procedure 37(b)(2)(A)(v) provides that "[i]f a party. . . fails to obey an order to provide or permit discovery . . ., the court where the action is pending may issue further just orders[,]" including the issuance of an order "dismissing the action or proceeding in whole or in part[.]" Rule 37(d)(1)(A)(i), and (3) authorizes the same sanction if a party fails to

---

[3] Attached to the Motion for Sanctions is a Notice of Rescheduled Deposition set for December 9, 2022 to be held in Daytona Beach, Florida "to address [Plaintiff's] inability to travel." Docs. 100 at 2; 100-4.

appear for a properly-noticed deposition. While disfavored, "dismissal [with prejudice under Rule 37] may be appropriate when plaintiff's recalcitrance is due to willfulness, bad faith or fault." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). "Dismissal with prejudice is the most severe Rule 37 sanction and is not favored but[] dismissal may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith or fault. Dismissal is appropriate when a party demonstrates a flagrant disregard for the court and the discovery process. However, a violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 dismissal. The severe sanction of dismissal . . . is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Clark v. Keen*, 2009 WL 179674, at *4 (M.D. Fla. Jan. 23, 2009) (quoting *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993)).

Plaintiff's failure to participate in the properly noticed deposition after the Court denied her three motions to quash appears to be in bad faith. Indeed, the Court denied three requests by Plaintiff to avoid the deposition. The Court found no merit to Plaintiff's request to quash the deposition under Federal Rule of Civil Procedure 45, Plaintiff made no showing that Defendant sought the deposition to harass Plaintiff, and Plaintiff provided no support for her request for a written deposition. *See* Doc. 99. That said, on this record, the Court finds that dismissal as a sanction is too severe a penalty.

While dismissal is not appropriate, Defendant is entitled to an order compelling Plaintiff to attend a rescheduled deposition. Plaintiff initiated this action and Defendant may depose Plaintiff in accordance with the federal rules. Further, the Court agrees that a limited stay of discovery to allow Defendant the opportunity to depose Plaintiff is appropriate under the circumstances. Plaintiff's failure to appear for her properly noticed deposition has delayed

Defendant's ability to obtain information regarding her claims and, therefore, there is good cause to stay any deadlines related to Defendant's time to respond to Plaintiff's discovery requests. *See* Case Management Scheduling Order Doc. 51 at 3 ("All motions for extension of deadlines must be filed promptly and must state good cause for the extension."). This stay shall remain in effect until Plaintiff is appropriately deposed.

**Plaintiff is cautioned that any further refusal to cooperate in the discovery process— including any further refusal to be deposed—may result in dismissal of this case.** *See also* Doc. 5 (NOTICE TO COUNSEL AND PARTIES: Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further notice. Signed by Judge Carlos E. Mendoza on 4/27/2021.).

### III. Conclusion

Based on the foregoing, it is **ORDERED** that:

1. Plaintiff's Motion to File Using E-filing (Doc.85) is **DENIED as moot**;

2. Plaintiff's Amended Motion to File Using E-filing (Doc. 87) is **DENIED**;

3. Defendant's Motion for Sanctions (Doc. 100) is **GRANTED in part** as follows:

    a. Plaintiff shall appear for deposition before the United States of America in this matter pursuant to Federal Rule of Civil Procedure 30 **on or before December 9, 2022**. Plaintiff's failure to submit to the deposition may result in a recommendation that the case be dismissed without further notice; and

    b. Any deadline for Defendant to respond to any discovery request by Plaintiff is hereby **STAYED** until Plaintiff has been deposed. Defendant shall respond to

Plaintiff's pending discovery requests within **TWENTY-ONE (21) DAYS** after Plaintiff's deposition.

The remainder of the Motion (Doc. 100) is **DENIED without prejudice** including Defendant's request for dismissal for failure to prosecute and the request for fees and costs as the circumstances make an award unjust at this time.

**DONE AND ORDERED** in Orlando, Florida on November 21, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties