# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**KATHLYN MOORE,**

      **Plaintiff,**

**v.**                                                              **Case No: 6:21-cv-395-CEM-DCI**

**UNITED STATES OF AMERICA,**

      **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Motion for Court to Change Order Re Deposition Arrangements (Doc. No. 103)** |
| **FILED:** | **November 30, 2022** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

On July 20, 2022, Defendant noticed Plaintiff's in-person deposition for October 21, 2022. Doc. 100 at 1. Plaintiff subsequently filed three motions to quash and stay the deposition or for protective order; the Court denied each motion. Docs. 92, 93, 95, 97, 98, 99. Despite these rulings, on October 21, 2022, Plaintiff attended a video conference where she made a statement and terminated the call without submitting to a deposition. Doc. 100-3. Defendant, therefore, moved for the Court to dismiss the case for failure to prosecute or, alternatively, compel Plaintiff's attendance at a rescheduled deposition in December. Doc. 100 at 2. By Order dated November 22, 2022, the Court found that Plaintiff's failure to participate in the properly noticed deposition

appeared to be in bad faith but denied the request for dismissal because it was too severe a penalty based on the record. Doc. 102 at 4-5. The Court, however, directed Plaintiff to appear for deposition before the United States of America in this matter pursuant to Federal Rule of Civil Procedure 30 on or before December 9, 2022. *Id*. at 6.

Pending before the Court is Plaintiff's "Motion for Court to Change Order Re Deposition Arrangements." Doc. 103 (the Motion). Plaintiff states that Defendant served Plaintiff with a notice of deposition to be taken in Orlando, Florida, which is "hostile and abuse of process." *Id*. at 1. Plaintiff states that she requested a change in location due to her inability to travel and Defendant served a notice of deposition to be taken in Daytona Beach, Florida to include a video deposition. *Id*. Plaintiff asserts that "when the Defendant finally conferred about resetting the deposition, Plaintiff objected to the deposition without being taken in a hostile environment in opponent's offices." *Id*. at 2. The attached Notice of Rescheduled Deposition reflects that Plaintiff's deposition is set for December 9, 2022 at the Office of the Internal Revenue Service in Daytona Beach, Florida. Doc. 103-3.

Plaintiff claims that there is a security issue involved, which appears to relate to an IRS attorney's alleged "abusive games" and insult to Plaintiff's former attorney. Doc. 103 at 2. Plaintiff contends that she "stated her requirements to Defendant Attorney for a deposition and personal safety concerns of being grilled by a hostile attorney" and "[h]e has harassed Plaintiff for her personal cell phone number 4 times." *Id*. at 3. Plaintiff states that she offered to have her deposition taken at her office to no avail. *Id*. The parties then apparently agreed to conduct the deposition at a "neutral place" at Plaintiff's expense.[1] *But*, Plaintiff then goes on to state that

---

[1] Plaintiff states that she agreed to the deposition at a neutral site "because they have glass walls and Plaintiff wouldn't be confined and caged behind closed doors with a male attorney who could easily harm Plaintiff psychologically and physically." *Id*. at 3.

"there are still concerns that the Defendant will carry on with the hostilities he has already performed at court, using personal information to deliberately anger the judge against Plaintiff and with the intent to harm her." *Id*. at 3-4.  Plaintiff explains that there was a back-and-forth discussion between herself and Defendant's counsel regarding making the deposition arrangements, which resulted in Plaintiff "agree[ing] but reiterat[ing] to Defendant that the usual and customary arrangements were for the person taking the deposition to pay for the neutral place to take the deposition." *Id*. at 5.  Since Plaintiff did not make the arrangements, Defendant sent Plaintiff an email stating that the deposition would be conducted at the IRS office. *Id*.[2]  Plaintiff states that she will "not walk into the bowels of a government office to have a 7.5 hour conversation, with a hostile opposing attorney, feeling like she is going to be okay." *Id*. at 6.  Plaintiff states that she has contacted the neutral site and it has agreed to observe Plaintiff during the deposition, and Plaintiff requests "payment be made for neutral offices to hold the deposition." *Id*. at 7.[3]  Plaintiff states that she "believes the entire deposition is unnecessary, since any attorney reading the Complaint would be fully aware of the issues." *Id*.

Plaintiff also claims that the Court is biased against her and that the undersigned has threatened Plaintiff with the intent to cause "fear, anguish and terror to an elderly person." *Id*. at 4.  Plaintiff states that she "believes there is some communication and collusion between the Judge and the Defendant attorney." *Id*. at 6.  Plaintiff requests that the Court grant her request for reconsideration in the interest of justice and, again, that the deposition be taken in writing or that "the IRS attorney take his deposition in a safe neutral place of safety and also pay for those

---

[2] It appears that Plaintiff contend the Thanksgiving holiday caused a delay in her ability to make arrangements. *Id*. at 5.

[3] Plaintiff states that Defendant has not been "open" to conduct the deposition at Plaintiff's office or pay the neutral site at $20.00 an hour. *Id*.

accommodations as is usual and customary." *Id*. at 9. Plaintiff states "[i]f Judge is not going to be unbiased, please recuse." *Id*.

Defendant has filed a Response in Opposition to the Motion stating that it has offered three deposition options at no cost to Plaintiff to include in-person depositions at the United States Attorney's Office in Orlando and the IRS office in Daytona Beach, or remotely via video teleconference. Doc. 104 (the Response). Defendant argues that Plaintiff has offered no adequate support to her objection and it should not have to pay for the neutral site to "accommodate [Plaintiff's] unreasonable demands." *Id*. at 2.[4] Defendant states further that even if Plaintiff will now pay the cost for a neutral deposition location, it is too late to change the arrangements. *Id*. at 3.

Upon due consideration, the Motion to due to be denied. Reconsideration is an extraordinary remedy and is only granted upon a showing of: (1) an intervening change in law; (2) the discovery of new evidence that was not available at the time the Court rendered its decision; or (3) the need to correct clear error or manifest injustice. *Fla. Coll. Of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted). The Court will not reconsider a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Assn., Inc.*, No. 6:11-CV-1637-ORL-

---

[4] Defendant states that Plaintiff rejected: (1) the Orlando location because she allegedly cannot travel and refused to appear on video for a remote deposition, and (2) the Daytona Beach location because she feels unsafe. Defendant states that in support of her objection she has provided links to articles about human experimentation. *Id*. at 1-2.

31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). Motions for reconsideration may not be used "to raise arguments, which could and should have been made earlier." *Id.* (quoting *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990)).

Here, Plaintiff has not demonstrated that reconsideration is warranted. While Plaintiff maintains that her deposition is a tool Defendant is attempting to use to continue to harass her and is altogether unnecessary, the Court has already rejected these arguments as meritless. *See* Docs. 92, 93, 95, 97, 98, 99, 101, 102, 103. The Court has repeatedly found that the deposition—originally set in July 2022—was adequately noticed under Rule 30(b) and Local Rule 3.04 and that Defendant may depose Plaintiff as the party who initiated the action. Docs. 97, 99, 102. Plaintiff has moved many times to avoid her deposition or change how it is conducted with no showing that good cause exists to warrant relief. *See id*. There is nothing in the Motion seeking reconsideration to justify a change in that determination.

Further, the Court notes that Plaintiff's own delay and apparent change of mind make it unreasonable at this juncture to direct Defendant to again switch the location as the deposition is scheduled for December 9, 2022.[5] The record reflects that Defendant has attempted to

---

[5] Even taking into consideration that Plaintiff's attorney withdrew from this matter, the deposition was originally noticed in July 2022 for October 21, 2022, and Plaintiff waited until a few weeks before the deposition to move to quash the proceeding. Docs. 92. Also, Plaintiff originally agreed to attend a virtual deposition, but then sent an email on October 12, 2022, stating that she would move to quash the deposition. Docs. 96 at 1-2; 96-2. In Plaintiff's latest Motion she states that she agreed to the deposition at the neutral site at her expense but then later reiterated that it is customary for the person taking the deposition to pay, and now moves for the Court to direct Defendant to "pay for those accommodations[.]" Additionally, while the Court did not grant Defendant's request for dismissal as a sanction, Plaintiff engaged in bad faith in not participating in the October deposition after the Court denied her several requests to quash the proceeding. Such conduct has significantly delayed this matter, which the Court finds weighs against granting the extraordinary remedy of reconsideration and Plaintiff's current request for relief.

accommodate Plaintiff's various requests—including the selection of the location for the December 9, 2022 deposition—and the Court finds baseless Plaintiff's claim that the IRS's office is unsafe and that Plaintiff has otherwise been subjected to harassment in this matter.

Finally, there is no showing that a recusal is appropriate in this case.  Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  In addition, § 455(b) requires disqualification in any case "(1) [w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . [or] (3) [w]here [the judge] has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."

"[J]udges are presumed to be impartial" and a litigant seeking to have a judge recused from a case "bears the burden of demonstrating an objectively reasonable basis for questioning the judge's impartiality." *Centennial Bank v. Servisfirst Bank, Inc.*, 2020 U.S. Dist. LEXIS 37303, at *7 (M.D. Fla. Mar. 4, 2020) (citing *Taylor v. Bradshaw*, 2014 U.S. Dist. LEXIS 148468 (S.D. Fla. 2014)).  The test in this regard "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  *Yeyille v. Miami Dade Cty. Pub. Sch.*, 654 F. App'x 394, 396 (11th Cir. 2016) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).  A movant cannot meet this standard by making "unsupported, irrational, or tenuous allegations," *id*. (citing *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988) (per curiam).

Further, a "judge is equally obligated to preside over a case when there is no legitimate reason to recuse as she is to recuse when the law and facts require."  *Paylan v. Bondi*, No. 8:15-

CV-1366-T-36AEP, 2017 WL 11553079, at *2 (M.D. Fla. Apr. 6, 2017) (citing *United States v. Malmsberry*, 222 F. Supp. 2d 1345, 1349 (M.D. Fla. 2002); *United States v. Greenspan*, 26 F.3d 1001 (10th Cir. 1994)).  If the judge finds that none of the explicitly enumerated conflicts of interest in which recusal is mandatory under § 455 apply, the judge is obligated to continue to preside over the case. *Paylan*, 2017 WL 11553079, at *2 (citing *Lawal v. Winners Int'l Rests Co. Ops., Inc.*, No. 1:04-CV-0913-WSD, 2006 WL 898180, at *4 (N.D. Ga. Apr. 6, 2006) (holding a trial judge has as much obligation not to recuse herself when there is no reason to do so as she does to recuse herself when the converse is true)).

Here, Plaintiff's statement that the Court and Defendant have "colluded" is unsubstantiated and apparently based on Plaintiff's dissatisfaction with the Court's hearing on the motion for counsel to withdraw and rulings on Plaintiff's requests to quash the deposition.  There is no basis for recusal.  *Paylan*, 2017 WL 11553079, at *3 (citing *Moore v. Shands Healthcare, Inc.*, 617 Fed. Appx. 924, 927 (11th Cir. 2015) ("Moore moved for a recusal based on his dissatisfaction with the rulings of the district court, but adverse rulings provide grounds for an appeal, not a recusal.")).

Based on the foregoing, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 103) is **DENIED**;
2. as stated in the Court's November 22, 2022 Order, Plaintiff shall **appear for deposition before the United States of America in this matter pursuant to Federal Rule of Civil Procedure 30 on or before December 9, 2022**.  Plaintiff's failure to submit to the deposition may result in a recommendation that the case be dismissed without further notice; and

3. **Plaintiff is cautioned that any further refusal to cooperate in the discovery process—including any further refusal to be deposed—may result in dismissal of this case**.

**DONE AND ORDERED** in Orlando, Florida on December 6, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties