# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KATHLYN MOORE,**

      **Plaintiff,**

**v.**                                                                   **Case No: 6:21-cv-395-CEM-DCI**

**UNITED STATES OF AMERICA,**

      **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Emergency Motion to Recuse the Judges (Doc. 106)** |
| **FILED:** | **December 8, 2022** |
| **MOTION:** | **Plaintiff's Motion to File Under Seal Pursuant to the HIPPA Privacy Rule (Doc. 107)** |
| **FILED:** | **December 8, 2022** |

**THEREON** it is **ORDERED** that the motions are **DENIED** as set forth herein.

Kathlyn Moore (Plaintiff), proceeding *pro se*, initiated this case against the United States of America (Defendant) seeking injunctive relief and damages because money was allegedly taken out of her Social Security check in violation of federal law. Doc. 59. Several discovery disputes have arisen during litigation and a request for dismissal is pending as a sanction for Plaintiff's failure to appear at her deposition. In relevant part, Plaintiff previously moved for the Court to "Change Order Re Deposition Arrangements," wherein Plaintiff asserted that she believed that the

Judge and defense counsel colluded and stated "[i]f Judge is not going to be unbiased, please recuse." Doc. 103. The Court denied the Motion finding that there was no basis for recusal. Doc. 105. A couple of days later, Plaintiff filed an "Emergency Motion to Recuse the Judges," which is currently pending before the Court. Doc. 106 (the Emergency Motion). Plaintiff has also filed a "Motion to File Under Seal Pursuant to the HIPPA Privacy Rule" a "letter recommendation for Plaintiff's health." Doc. 107 (Motion to Seal). Defendant has filed oppositions to the pending Motions. Docs. 109, 110. The Motions are due to be denied.

## I.   Emergency Motion

Plaintiff states that "Plaintiff not only fears, Plaintiff knows for certain that she will not receive a fair trial or hearings because it has been demonstrated by specific words, motions not read, doctor's professional recommendations discounted and thrown away, actions not taken on bullying by opposing attorney, continued bullying by the IRS attorney, and hatred of pro se litigants by Judge Irick and Judge Mendoza" and she seeks that the Court "enter an Order of Recusal." Doc. 106.

First, the Emergency Motion is due to be denied because it does not comply with Local Rule 3.01(e), which provides in pertinent part:

> (e) EMERGENCY OR TIME-SENSITIVE MOTION. If a party moves for emergency or time-sensitive relief, the title of the motion must include "emergency" or "time-sensitive," and the motion must include an introductory paragraph that explains the nature of the exigency and states the day by which a ruling is requested.

The Emergency Motion does not contain an introductory paragraph that states the day by which a ruling is requested. The introductory paragraph also does not explain why Plaintiff requires immediate action on the relief sought in order to receive a fair trial when the trial is set

for the April 2024 trial term and there are no hearings currently scheduled. Plaintiff's request for recusal, therefore, was not exigent in nature and could be dealt with in due course.

Second, with respect to the undersigned, the Court already considered in the December 6, 2022 Order Plaintiff's allegation that the undersigned has demonstrated bias and Plaintiff's renewed request does not warrant a change or reconsideration of that ruling. Briefly, 28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In addition, § 455(b) requires disqualification in any case "(1) [w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . [or] (3) [w]here [the judge] has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."

Further, a "judge is equally obligated to preside over a case when there is no legitimate reason to recuse as she is to recuse when the law and facts require." *Paylan v. Bondi*, No. 8:15-CV-1366-T-36AEP, 2017 WL 11553079, at *2 (M.D. Fla. Apr. 6, 2017) (citing *United States v. Malmsberry*, 222 F. Supp. 2d 1345, 1349 (M.D. Fla. 2002); *United States v. Greenspan*, 26 F.3d 1001 (10th Cir. 1994)). If the judge finds that none of the explicitly enumerated conflicts of interest in which recusal is mandatory under § 455 apply, the judge is obligated to continue to preside over the case. *Paylan*, 2017 WL 11553079, at *2 (citing *Lawal v. Winners Int'l Rests Co. Ops., Inc.*, No. 1:04-CV-0913-WSD, 2006 WL 898180, at *4 (N.D. Ga. Apr. 6, 2006) (holding a trial judge has as much obligation not to recuse herself when there is no reason to do so as she does to recuse herself when the converse is true)).

Here, Plaintiff's statements appear to be largely based on her dissatisfaction with the undersigned's rulings related to Plaintiff's deposition and her unsuccessful attempt to quash that deposition. The undersigned has considered Plaintiff's objections on this matter several times and has found that she is not entitled to relief based on the facts and the law. Plaintiff's claim that the undersigned has ignored or permitted to defense counsel to "abuse" or "harass" Plaintiff is entirely unsubstantiated. The undersigned, therefore, still finds that there is no basis for recusal as it relates to the undersigned's participation in this case. *Paylan*, 2017 WL 11553079, at *3 (citing *Moore v. Shands Healthcare, Inc.*, 617 Fed. Appx. 924, 927 (11th Cir. 2015) ("Moore moved for a recusal based on his dissatisfaction with the rulings of the district court, but adverse rulings provide grounds for an appeal, not a recusal.")).

Additionally, reconsideration is an extraordinary remedy and is only granted upon a showing of: (1) an intervening change in law; (2) the discovery of new evidence that was not available at the time the Court rendered its decision; or (3) the need to correct clear error or manifest injustice. *Fla. Coll. Of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted). To the extent Plaintiff moves for the Court to reconsider the December 6, 2022 ruling on Plaintiff's previous request for recusal, she has not demonstrated that any of the factors exist that justify such relief.

## II.     Motion to Seal

Plaintiff seeks to seal a letter of recommendation regarding her health and has attached a summary of the HIPAA privacy rule in support of her request. Docs. 107, 107-1. Plaintiff moves

to file the letter so "[i]t will exist in the court's possession if and when it is needed to support Plaintiff's doctor's orders only upon [Plaintiff's] permission for release." *Id.* at 2.

Filing documents under seal with the Court is governed by Local Rule 1.09, which provides as follows:

> Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. . . . Every order sealing any item pursuant this section shall state the particular reason the seal is required.

Local Rule 1.09(a). Unless good cause is shown, no order sealing any document may extend longer than one year. Local Rule 1.09(c).

In deciding whether to grant a motion to seal, the Court must remain cognizant of the fact that the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records." *U.S. v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This common law right "is instrumental in securing the integrity of the [judicial] process." *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (per curiam) ("The district court must keep in mind the rights of a third party—the public, 'if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system.'") (citation omitted).

Plaintiff's Motion to Seal is due to be denied because Plaintiff fails to provide a memorandum of law in support of the request for relief or the reason that a means other than

sealing is unavailable or unsatisfactory. As such, the Motion to Seal does not comply with Local Rule 1.09. Further, Plaintiff does not seek to submit the letter in support of a pending motion but instead requests that the letter remain under seal for consideration in the event that Plaintiff's "doctor's orders" become an issue and Plaintiff grants permission for the Court to review the letter—part of Plaintiff's request is that the presiding judges in this case not be permitted to review the letter. Plaintiff's request is based on the reiterated, and rejected, argument that the undersigned has exhibited bias and hostility toward Plaintiff. The Court finds that Plaintiff has provided no authority to support a request to seal the letter as a placeholder exhibit to a motion that has not been or may never be filed and the nature of Plaintiff's request does not otherwise outweigh the Eleventh Circuit's standard for public access to Court proceedings.

### III. Conclusion

Based on the foregoing, it is **ORDERED** that:

1. Plaintiff's "Emergency" Motion (Doc. 106) is **DENIED**; and
2. Plaintiff's Motion to Seal (Doc. 107) is **DENIED**.

**ORDERED** in Orlando, Florida on January 5, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties